FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 04, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS BENSON,<br><br>                Plaintiff,<br><br>v.<br><br>CLAYTON MYERS, DARREN HIGASHIYAMA, and LAURA KUKES,<br><br>                Defendants. | NO. 1:24-CV-3211-TOR<br><br>ORDER GRANTING JOINT MOTION TO DISMISS |

BEFORE THE COURT is the Joint Motion of Defendants to Dismiss or Abstain. ECF No. 16. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the motion to dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Douglas Benson is a party in an ongoing code enforcement action in Kittitas County Superior Court. This is his second filing of a federal cause of

ORDER GRANTING JOINT MOTION TO DISMISS ~ 1

action. *See* 1:23-CV-3149-TOR. With this federal lawsuit, he seeks to stop all usurpations, injuries and damages, dissolve any liens from his private land, and he wants $20,000,000 in damages. Plaintiff is a party to an ongoing code enforcement action in Kittitas County Superior Court. A second warrant of abatement was issued by the state court on August 16, 2024. ECF No. 16 at 24. State court litigation about the warrant of abatement is ongoing.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alterative, abstain pursuant to *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). ECF No. 16.

## DISCUSSION

### I. Rule 12(b)(6) Dismissal

Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to

provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

Plaintiff's allegations are insufficient to state a viable claim under 42 U.S.C. § 1983. Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another

"of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original), *abrogated in part on other grounds*, *Farmer v. Brennan*, 511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges insufficient facts to support his § 1983 actions against any Defendant.

Plaintiff complains that the government officials have not properly taken their oaths of office. These allegations are frivolous and are dismissed.

II.   ***Younger v. Harris*** **Abstention**

*Younger* abstention is grounded in a "longstanding public policy against federal

ORDER GRANTING JOINT MOTION TO DISMISS ~ 4

court interference with state court proceedings." *Younger*, 401 U.S. at 43. The Supreme Court has "identified two sources for this policy: the constraints of equity jurisdiction and the concern for comity in our federal system." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (citation omitted). Most importantly, *Younger* abstention permits federal courts to "preserve respect for state functions such that the national government protects federal rights and interests in a way that will not 'unduly interfere with the legitimate activities of the States.'" *Id*. (citation omitted). To warrant *Younger* abstention, a state civil action must be (1) "ongoing," (2) "implicate important state interests," and (3) provide "an adequate opportunity . . . to raise constitutional challenges." *Id*. at 1044 (citations omitted).

The Ninth Circuit in *Herrera* held, "[w]e are satisfied that the state nuisance enforcement action brought by the City against Bill Herrera and Palmdale Lodging is a civil enforcement proceeding within the scope of the *Younger* doctrine." *Id*. at 1045.

Here, the state civil enforcement action meets all these requirements so this Court must also abstain.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Joint Motion of Defendants to Dismiss or Abstain, ECF No. 16, is **GRANTED**. Plaintiff's Complaint is **DISMISSED**.

ORDER GRANTING JOINT MOTION TO DISMISS ~ 5

2. Defendants' Joint Motion to Strike and Motion to Expedite, ECF Nos. 22 and 23, are **Denied** as moot.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to the parties, and **CLOSE** the file.

DATED April 4, 2025.

THOMAS O. RICE
United States District Judge